# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARAGE SWEAT LLC /f/k/a TRIBE WOD LLC, JARED BANE, and ALEXANDRE VITET,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FACTORY 14 UK ACQUISITION IV LTD, RAZOR GROUP GMBH, and RAZOR GROUP USA LLC,<br><br>    *Defendants*. | Civil Action No. 1:23-cv-12155-MJJ<br><br>(Leave to file granted on March 21, 2024) |

## DEFENDANT RAZOR GROUP GMBH'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendant Razor Group GmbH ("Razor"), files this Answer to Plaintiffs Garage Sweat LLC, f/k/a Tribe WOD LLC ("Garage Sweat"), Jared Bane ("Bane"), and Alexandre Vitet's ("Vitet") (collectively, the "Plaintiffs") Complaint for Injunctive Relief and Damages (the "Complaint") (Doc No. 1-1).

## INTRODUCTION

Plaintiffs' introductory paragraph is not a numbered paragraph but does contain allegations requiring a response. Razor admits that Factory 14 UK Acquisition IV Ltd ("Factory 14") is a UK-based entity and Razor is a German company, and Plaintiffs sold Tribe WOD pursuant to an Asset Purchase Agreement ("APA"). However, Razor denies the remaining allegations in the Introduction. Razor's responses to the remaining numbered allegations are set forth below, using paragraph numbers matching Plaintiffs' allegations.

**PARTIES**

1.  Razor lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 1. To the extent a response is required, Razor admits that Jared Bane is an individual, but denies the remaining allegations set forth in Paragraph 1.

2.  Razor lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 2. To the extent a response is required, Razor admits that Jared Bane is an individual, but denies the remaining allegations set forth in Paragraph 2.

3.  Razor admits the allegations set forth in Paragraph 3 of the Complaint.

4.  Razor admits the allegations set forth in Paragraph 4 of the Complaint.

5.  Razor admits that it is a limited liability company organized under the laws of Germany. Razor denies the remaining allegations set forth in Paragraph 5, as its principal place of business is located at Ritterstrasse 16-18, 10969 Berlin, Germany.

6.  Razor denies that Razor Group USA LLC ("Razor USA") is a corporation, however, Razor admits that Razor USA was a limited liability company organized under the laws of the State of Delaware. Razor denies the remainder of the allegations set forth in Paragraph 6, as Razor USA is not an operational entity with employees or a principal place of business.

**JURISDICTION AND VENUE**

7.  The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 7 of the Complaint.

8.  The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 8 of the Complaint.

9. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 9 of the Complaint.

10. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor admits that the Asset Purchase Agreement has a Massachusetts choice of law clause and that the Consulting Agreements have a Massachusetts forum selection clause. Razor denies the remaining set forth in Paragraph 10 of the Complaint.

11. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor admits that Factory 14 and Razor are corporate entities with their principal places of business outside of Massachusetts and that the Consulting Agreements have a Massachusetts forum selection clause. Razor denies the remaining set forth in Paragraph 10 of the Complaint.

**FACTS COMMON TO ALL COUNTS**

12. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 12. To the extent a response is required, Razor denies the allegations set forth in Paragraph 12.

13. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 13. To the extent a response is required, Razor denies the allegations set forth in Paragraph 13.

14. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 14. To the extent a response is required, Razor denies the allegations set forth in Paragraph 14.

Rapid Growth

15. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 15. To the extent a response is required, Razor denies the allegations set forth in Paragraph 15.

16. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 16. To the extent a response is required, Razor denies the allegations set forth in Paragraph 16.

17. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 17. To the extent a response is required, Razor denies the allegations set forth in Paragraph 17.

18. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 18. To the extent a response is required, Razor denies the allegations set forth in Paragraph 18.

19. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 19. To the extent a response is required, Razor denies the allegations set forth in Paragraph 19.

20. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 20. To the extent a response is required, Razor denies the allegations set forth in Paragraph 20.

Buyers' Interest and Negotiations

21. The allegations set forth in Paragraph 21 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 21.

22. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 22. To the extent a response is required, Razor denies the allegations set forth in Paragraph 22.

23. The allegations set forth in Paragraph 23 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 23.

24. The allegations set forth in Paragraph 24 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 24.

25. The allegations set forth in Paragraph 25 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 25.

26. The allegations set forth in Paragraph 26 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 26.

27. The allegations set forth in Paragraph 27 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 27.

28. Razor admits that Factory 14 executed the APA with Plaintiffs on or about September 2, 2021. Razor denies the remaining allegations set forth in Paragraph 28.

<u>The APA</u>

29. Paragraph 29 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits Factory

14 purchased the Tribe WOD brand and all of its associated assets as set forth in the APA.

30. Paragraph 30 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that it made an initial payment of $2,164,000 to Plaintiffs and that the APA provided for potential payments to be made to Plaintiffs dependent on the performance of Tribe WOD. Razor denies the remaining allegations set forth in Paragraph 30.

31. Paragraph 31 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 2.04(b) of the APA discusses a potential stability payment to be made to Plaintiffs dependent on the business performance of Tribe WOD.

32. Paragraph 32 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 2.04(b)(ii) of the APA provides that Factory 14 was required to deliver to Plaintiffs the calculation of the respective LTM EBITDA pursuant to Section 2.04(b)(i) by the deadlines set forth in the APA.

33. Paragraph 33 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 2.04(c) discusses potential earn-out payments to be made to Plaintiffs dependent on the business performance of Tribe WOD in each of the three years following the closing of the APA.

34. Paragraph 34 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 2.04(c)(iv) of the APA provides that Factory 14 was required to deliver to Plaintiffs

6

calculations of the respective installments of the earn-out payment and the earn-out calculations made pursuant to Sections 2.04(c)(i)-(iii) of the APA.

35. Paragraph 35 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 2.04(c)(iv) of the APA provides that calculations of the respective installments of the earn-out payment and the earn-out calculations made pursuant to Sections 2.04(c)(i) - (iii) of the APA "shall be prepared in accordance with Exhibit 2a of Appendix 2" to the APA.

36. Paragraph 36 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 2.04(e) provides that "[a]t any time prior to the payment of the Third Instalment Earn-Out Payment to Seller, or a final determination that no Third Instalment Earn-Out Payment is or may be payable to Seller, if Buyer effects a sale, exchange or other transfer, directly or indirectly, in one transaction or a series of transactions, of all or substantially all of the assets of the Buyer or a merger, consolidation, recapitalization or other transaction involving transfer of 50% or more of the combined voting power of all interests in the Buyer, Buyer shall (i) remain responsible for all of its obligations with respect to the Stability Payment and Earn-Out Payments set forth in Section 2.04 hereof; and (iii) make provision for the transferee, or successor to assume and succeed to the obligations of Buyer in this clause 2.04."

37. Paragraph 37 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Consulting Agreements with Bane and Vitet provided that they could be terminated by Factory 14 upon 30 days' notice or by Bane and Vitet upon 60 days' notice. Razor denies the remaining allegations set forth in Paragraph 37.

38. Paragraph 38 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 5.02(a) of the APA provides that "For so long as a Party maintains books, records, files, and other information that is subject to this Section, during normal business hours following reasonable prior notice, such Party will permit the other Party and its accountants, counsel, and other Representatives to have reasonable access to and examine and make copies of all books and records relating to the Business and all other books and records of a Party which are reasonably requested by the other Party and are necessary or useful in connection with: (i) any Tax inquiry, audit, investigation or dispute with a third party; (ii) any Proceeding by any Governmental Authority or any dispute with any third party reasonably requiring access to any such books and records; or (iii) with respect to Buyer, transactions or events occurring prior to the Closing and that relate to the Acquired Assets; provided, however, that a Party may restrict the foregoing access to the extent that (i) any Law requires such Party to restrict or prohibit access to any such properties or information, or (ii) the disclosure of such information to the other Party or its Representatives would violate confidentiality obligations owed to a third party and such confidentiality obligations were in effect prior to the execution and delivery of this Agreement, or (iii) such restriction is required to comply with any COVID-19 Measures."

39. Paragraph 39 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, admits denies the allegations set forth in Paragraph 39.

40. Paragraph 40 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that Section 10.04 of the Consulting Agreements has a Massachusetts choice of law clause and

8

Massachusetts forum selection clause and that Plaintiffs have asserted claims in this lawsuit relating to the Consulting Agreements.

41. Paragraph 41 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor admits that it acquired Factory 14 but denies the remaining allegations set forth in Paragraph 41.

42. The allegations set forth in Paragraph 42 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 42.

43. The allegations set forth in Paragraph 43 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 43.

44. The allegations set forth in Paragraph 44 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 44.

Stability and Earn-Out Payments Easily Achievable

45. Razor admits that Sections 2.04(b) and 2.04(c) of the APA provided for potential stability and earn-out payments to be made by Factory 14 to Plaintiffs dependent on the business performance of Tribe WOD in each of the three years following the closing of the APA.

46. The allegations set forth in Paragraph 46 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 46.

47. Paragraph 47 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor denies the

allegations set forth in Paragraph 47.

48. Razor admits that Sections 2.04(b) and 2.04(c) of the APA provided for potential stability and earn-out payments to be made by Factory 14 to Plaintiffs dependent on the business performance of Tribe WOD in each of the three years following the closing of the APA. Razor denies the remaining allegations set forth in Paragraph 48.

49. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 49. To the extent a response is required, Razor denies the allegations set forth in Paragraph 49.

50. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 50. To the extent a response is required, Razor denies the allegations set forth in Paragraph 50.

51. The allegations set forth in Paragraph 51 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 51.

52. The allegations set forth in Paragraph 52 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 52.

53. The allegations set forth in Paragraph 53 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 53.

54. Razor denies the allegations set forth in Paragraph 54.

55. Razor denies the allegations set forth in Paragraph 55.

Defendants Breach Their Obligations

56. Razor denies the allegations set forth in Paragraph 56.

57. Razor admits that certain Tribe WOD employees were not retained after the acquisition. Razor denies the remaining allegations set forth in paragraph 57.

58. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 58. To the extent a response is required, Razor denies the remaining allegations set forth in paragraph 58.

59. The allegations set forth in Paragraph 59 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 59.

60. Razor admits that there were some delays in releasing new products due to lack of capacity. Razor denies the allegations set forth in Paragraph 60.

61. Razor denies the allegations set forth in Paragraph 61.

62. Razor denies the allegations set forth in Paragraph 62.

63. Razor denies the allegations set forth in Paragraph 63.

64. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 64. To the extent a response is required, Razor denies the remaining allegations set forth in paragraph 64.

65. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 65. To the extent a response is required, Razor denies the remaining allegations set forth in paragraph 65.

66. Razor denies the allegations set forth in Paragraph 66.

67. Razor denies the allegations set forth in Paragraph 67.

68. Razor denies the allegations set forth in Paragraph 68.

69. Razor denies the allegations as written in Paragraph 69.

70. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 70. To the extent a response is required, Razor denies the allegations set forth in Paragraph 70.

71. Razor denies the allegations set forth in Paragraph 71.

72. Razor denies the allegations set forth in Paragraph 72.

73. Razor denies the allegations set forth in Paragraph 73.

74. Razor denies the allegations set forth in Paragraph 74.

75. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 75. To the extent a response is required, Razor denies the allegations set forth in Paragraph 75.

76. Paragraph 76 contains statements from documents. Razor refers to the documents for a complete and accurate description. To the extent a response is required, Razor denies the allegations set forth in Paragraph 76.

77. Razor denies the allegations set forth in Paragraph 77.

<u>Defendants Breach Financial Reporting Requirements</u>

78. Razor denies the allegations set forth in Paragraph 78.

79. Razor admits that it delivered EBITDA calculations to Plaintiffs on or about August 5, 2022 and April 2023, but denies the remaining allegations set forth in Paragraph 79.

80. At this time, Razor lacks sufficient information to admit or deny the allegations in Paragraph 80. To the extent a response is required, Razor denies the allegations set forth in Paragraph 80.

81. Razor admits that Plaintiffs have requested additional financial reporting, but denies the remaining allegations set forth in Paragraph 81.

82. Razor denies the allegations set forth in Paragraph 82.

83. Razor denies the allegations set forth in Paragraph 83.

84. Razor denies the allegations set forth in Paragraph 84.

85. Razor denies the allegations set forth in Paragraph 85.

86. The allegations set forth in Paragraph 86 are not directed against Razor. Accordingly, no response is required. To the extent a response is required, Razor denies the allegations set forth in Paragraph 86.

87. Razor lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 87. To the extent a response is required, Razor denies the allegations set forth in Paragraph 87.

## CAUSES OF ACTION

### COUNT I – DECEIT/FRAUD IN THE INDUCEMENT
(Factory 14 and Razor)

88. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 88.

89. Razor denies the allegations set forth in Paragraph 89.

90. Razor denies the allegations set forth in Paragraph 90.

91. Razor denies the allegations set forth in Paragraph 91.

92. Razor denies the allegations set forth in Paragraph 92.

93. Razor denies the allegations set forth in Paragraph 93.

**COUNT II – BREACH OF CONTRACT**
**(Factory 14 and Razor)**

94. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 94.

95. Razor admits that the APA is a binding contract.

96. Paragraph 96 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor denies the allegations set forth in Paragraph 96.

97. Razor denies the allegations set forth in Paragraph 97.

98. Paragraph 98 contains statements from a document. Razor refers to the document for a complete and accurate description. To the extent a response is required, Razor denies the allegations set forth in Paragraph 98.

99. Razor denies the allegations set forth in Paragraph 99.

100. Razor denies the allegations set forth in Paragraph 100.

101. Razor denies the allegations set forth in Paragraph 101.

102. Razor denies the allegations set forth in Paragraph 102.

**COUNT III – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AND OBLIGATION TO MAKE REASONABLE EFFORTS**
**(Factory 14 and Razor)**

103. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 103.

104. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph

104.

105. Razor admits that it is a sophisticated business entity but denies the remaining allegations set forth in paragraph 105.

106. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 106.

107. Razor denies the allegations set forth in Paragraph 107.

108. Razor denies the allegations set forth in Paragraph 108.

**COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AND OBLIGATION TO MAKE REASONABLE EFFORTS**
**(Factory 14 and Razor)**

109. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 109.

110. The allegations in this paragraph are legal conclusions that do not require a response. Razor denies the allegations set forth in Paragraph 110.

111. Razor admits that Plaintiffs sent a demand letter on or about September 27, 2022 but denies the remaining allegations set forth in Paragraph 111.

112. Razor admits that it responded to Plaintiffs' demand letter on or about October 27, 2022 but denies the remaining allegations set forth in Paragraph 112.

113. The allegations in this paragraph are legal conclusions that do not require a response. Razor denies the allegations set forth in Paragraph 113.

114. Razor denies the allegations set forth in Paragraph 114.

115. Razor denies the allegations set forth in Paragraph 115.

116. Razor denies the allegadons set forth in Paragraph 116.

117. Razor denies the allegations set forth in Paragraph 117.

118. Razor denies the allegations set forth in Paragraph 118.

119. Razor denies the allegations set forth in Paragraph 119.

### COUNT V – UNJUST ENRICHMENT
### (Factory 14 and Razor)

120. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 120.

121. Razor denies the allegations set forth in Paragraph 121.

122. Razor denies the allegations set forth in Paragraph 122.

123. Razor denies the allegations set forth in Paragraph 123.

124. Razor denies the allegations set forth in Paragraph 124.

125. Razor denies the allegations set forth in Paragraph 125.

### COUNT VI – ACCOUNTING
### (Factory 14 and Razor)

126. The allegations in this paragraph are legal conclusions that do not require a response. To the extent a response is required, Razor denies the allegations set forth in Paragraph 126.

127. Razor denies the allegations set forth in Paragraph 127.

128. Razor denies the allegations set forth in Paragraph 128.

### PRAYERS FOR RELIEF

Defendant Razor Group GmbH respectfully requests that the Court:

   a. dismiss Plaintiffs' claims with prejudice;

   b. enter a final judgment that Plaintiffs take nothing;

   c. award Razor Group GmbH its costs of court and attorneys' fees; and

d.  grant Razor Group GmbH all other relief, at law or in equity, to which it may be justly entitled.

Dated: March 21, 2024.

Respectfully submitted,

**FOLEY & LARDNER LLP**

 */s/ Katie M. Harrington*
Lawrence M. Kraus (BBO No. 564561)
Jamie A. Steven (BBO No. 705904)
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Telephone: (617) 342-4000
Facsimile: (617) 342-4001
*lkraus@foley.com*
*jsteven@foley.com*


Scott D. Ellis (admitted *pro hac vice*)
Katie M. Harrington (admitted *pro hac vice*)
Eric B. Williams, II (admitted *pro hac vice*)
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
*sellis@foley.com*
*kharrington@foley.com*
*ebwilliams@foley.com*

**ATTORNEYS FOR DEFENDANTS FACTORY 14 UK ACQUISITION IV LTD, RAZOR GROUP GMBH, and RAZOR GROUP USA LLC**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via ECF upon Plaintiffs' counsel of record on March 21, 2024.

 */s/ Katie M. Harrington*
Katie M. Harrington

17